UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21663-RAR

**FALISHA BELL,**

    Plaintiff,

v.

**ALLIED UNIVERSAL SECURITY,**

    Defendant.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on May 3, 2022. *See* Compl. [ECF No. 1]. A "district court has unquestionable authority to control its own docket and broad discretion in deciding how best to manage the cases before it . . . ." *Guice v. Sec'y, Dep't of Labor*, 754 F. App'x 789, 791 (11th Cir. 2018) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014)). Further, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b)." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)).

Here, after careful consideration, the Court finds that an amended complaint is required because the Complaint does not comply with the Federal Rules of Civil Procedure. Specifically, the Complaint contains conclusory allegations insufficient to adequately put Defendant on notice of Plaintiff's claims. As such, the Court will allow Plaintiff **thirty (30) days** to file an amended complaint that more fully explains her claims against Defendant. Before addressing the pleading deficiencies at issue, Plaintiff is first instructed on generally applicable rules of pleading.

## **LEGAL STANDARD**

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). However, despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Thus, although appearing *pro se*, Plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders); *see also* Local Rule 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*).

The Federal Rules of Civil Procedure provide, in pertinent part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In addition, the complaint must specify the grounds for relief available to the moving party, state the facts supporting each ground for relief, and must be signed by Plaintiff or by a person authorized to sign on behalf of Plaintiff. *See* FED. R. CIV. P. 8; FED. R. CIV. P. 11. When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local rules, its usefulness is substantially diminished. Still, *pro se* litigants should ordinarily

be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled an opportunity to amend).

If an amended complaint is filed, the Court will only consider claims raised in the amended complaint. Furthermore, the Court does not act as researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## **ANALYSIS**

With the foregoing legal standards in mind, the Court turns to the instant Complaint. Plaintiff's claims are too conclusory to adequately put Defendant on notice of Plaintiff's claims. The entirety of Plaintiff's alleged facts consist of the following:

> I was an employee for the company, my post changed, I notified management of my concerns. After two weeks I was being retaliated against and discriminated [sic] due to my age. I was not told I had been terminated. I was advised they had to put me on another site, which created loss of wages, anxiety, and sleep deprivation.

Compl. at 4. Plaintiff does not explain who retaliated against her; how they did so; when they did so; within what timeframe they did so; what her "post" was; and how it "changed." Such additional factual background is needed to state a claim and adequately put Defendant on notice of the claims against it.

Further, Plaintiff alleges she was discriminated against "due to her age," *id.*, and alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*  But Title VII only covers discrimination based on "race, color, religion, sex, or national origin." *Id.* at §200oe-2(a)(1).  Age discrimination is not one of the protected categories under the statute.  But given the Court's obligation to liberally construe *pro se* pleadings, *see Waldman*, 871 F.3d at 1289, Plaintiff may have a cognizable claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623.  The Court requests that Plaintiff, to the best of her ability, cite the correct statute in her Amended Complaint and ensure that the claims she alleges align with the statute she relies on for relief.

Lastly, Plaintiff has properly attached the EEOC's Notice of Right to Sue letter.  *See* Compl. Ex. 2 [ECF No. 1-2] at 1.  The Court also urges Plaintiff to attach the Charge of Discrimination that she filed with the EEOC to her Amended Complaint.  The Court will need to review the Charge of Discrimination upon adjudicating this lawsuit.

## **CONCLUSION**

The analysis above is not an exhaustive list of the deficiencies observed in the Complaint.  Plaintiff may have ***one opportunity*** to amend her Complaint.  Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action.  Thus, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Consistent with the purpose of Fed. R. Civ. P. 8, Plaintiff is granted leave to file an Amended Complaint.

2. On or before **June 8, 2023**, the Amended Complaint must be docketed and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3. The Amended Complaint must be labeled "Amended Complaint" and must show the case number **23-CV-21663-RAR** (referenced above) so that it will be filed in this case.

4. Plaintiff is warned that failure to file the Amended Complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

5. Plaintiff is reminded that the Amended Complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

6. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at the address on record.

**DONE AND ORDERED** in Miami, Florida, this 9th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Falisha Bell, *pro se*