UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21663-RAR

**FALISHA BELL,**

    Plaintiff,

v.

**ALLIED UNIVERSAL SECURITY,**

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO STAY AND COMPEL ARBITRATION

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. On May 3, 2023, Plaintiff filed her *pro se* Complaint. [ECF No. 1]. On May 9, 2023, the Court ordered Plaintiff to amend her Complaint to, in sum, clarify which statute(s) she was suing under and to more adequately notify Defendant of the claims lodged against it in line with Federal Rule of Civil Procedure 8. [ECF No. 5] at 3–4. Plaintiff filed an Amended Complaint on May 17, 2023. [ECF No. 7]. On June 13, 2023, Defendant filed a Motion to Stay and Compel Arbitration ("Motion"), which argued that "[o]n July 29, 2021, Plaintiff executed a valid and enforceable Arbitration Policy and Agreement." [ECF No. 12] at 1.

On June 26, 2023, the Court reminded Plaintiff that her Response to the Motion was due on June 27, 2023, and that failure to file a Response may result in the Court granting the Motion by default. *See* [ECF No. 16]. When Plaintiff failed to file a Response to the Motion by the deadline, the Court issued an Order to Show Cause, extending the Response deadline to June 30, 2023, at 5:00 P.M. [ECF No. 19]. The time for compliance has lapsed and Plaintiff has not filed a Response. It is therefore

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED** for the reasons set forth herein.

## ANALYSIS

Local Rule 7.1(c)(1) states that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion" and that "[f]ailure to do so may be deemed sufficient cause for granting the motion by default." Although Plaintiff's failure to respond to the Motion provides procedural grounds to grant the Motion by default, a review of the Motion on the merits persuades the Court that arbitration is appropriate in this context.[1]

During her onboarding process in July of 2021, Plaintiff executed via electronic signature a valid and enforceable Arbitration Agreement, agreeing to resolve by binding arbitration any and all claims against Defendant. Mot. at 1–2; Machicao Decl. ¶¶ 4–12. The Arbitration Agreement specifically covered claims arising under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967; claims for violation of any law, statute regulation, ordinance, or common law; and claims arising under any other applicable federal, state, or local laws relating to employment discrimination. Mot. at 2. Plaintiff had 30 days to opt out of the Arbitration Agreement but did not do so before the deadline. *See* Mot at 2; [ECF No. 11].

The "validity of an arbitration agreement is generally governed by the Federal Arbitration Act ["FAA"]." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)). Under the FAA, a written

---

[1] Six days prior to Defendant filing its Motion, Plaintiff preemptively filed a document titled "Response to [D]efendant Arbitration / Compel." [ECF No. 11]. The document appears to largely consist of the Arbitration Agreement along with email correspondence between Plaintiff, her union representative, and a representative for Defendant. *See generally id.* Defendant appears to have informed Plaintiff that if she did not agree to arbitrate her claims against it, Defendant would move to compel arbitration. *See id.* at 1. Although Plaintiff's email correspondence states that she "intend[s] to opt out of" the Arbitration Agreement, *id* at 1, the text of the Arbitration Agreement and the attached email correspondence undermine her ability to opt out, *see generally id*. The Arbitration Agreement contains a clause stating that Plaintiff had "30 calendar days after receiving [the] Agreement to opt out of arbitration" by providing the company with written notice. *Id.* at 2. The email correspondence further undermines Plaintiff's position, as it shows that Plaintiff had consented to arbitration of her claims against Defendant by scheduling an arbitration on February 10, 2023. *Id.* at 3–12. The Court cannot discern from the filings if that arbitration actually occurred, but it provides evidence that Plaintiff previously consented to arbitration.

agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Section 2 of the FAA requires federal courts "to place such agreements upon the same footing as other contracts." *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630 (2009) (quoting *Volt Info. Scis., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).  "Federal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration." *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001).  "While federal law establishes the enforceability of arbitration agreements, state law governs the interpretation and formation of the same." *Tradespot Markets Inc. v. Icaro Media Grp. Inc.*, No. 21-62295, 2022 WL 3701201, at *1 (S.D. Fla. Apr. 1, 2022) (citing *Employers Ins.*, 251 F.3d at 1322).

Florida courts have consistently held that arbitration agreements executed in employment contexts similar to the one here are valid and enforceable.  *See Audio Visual Innovations, Inc. v. Spiessbach*, 119 So. 3d 522, 526 (Fla. 2d DCA 2013); *see also Santos v. Gen. Dynamics Aviation Servs. Corp.*, 984 So. 2d 658, 659 (Fla. 4th DCA 2008).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 12] is **GRANTED**.  The parties shall arbitrate the claims Plaintiff has asserted in this action.

2. This case is **STAYED** pending conclusion of the arbitration proceedings.

3. The parties shall file joint status reports with the Court every **sixty (60) days,** beginning on August 29, 2023, updating the Court on the status of arbitration proceedings.

4. The Clerk shall **CLOSE** this case for administrative purposes only.

5. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff's physical address.

**DONE AND ORDERED** in Miami, Florida, this 30th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**